TRUSTEES OF THE M. J. CLARK MEMORIAL HOME v. JEWELL.

1. JUDGMENT—RES ADJUDICATA — BRINGING IN UNNECESSARY PARTIES NOT A CHANGE IN PARTIES.

Where the adversary parties are the same, the subject-matter the same, and the issue the same in the instant case as in a former one, the fact that unnecessary parties are brought in, who have no interest in the property involved, does not prevent invoking the doctrine of *res adjudicata*.

2. SAME—TRUSTS—RIGHT OF ALIENATION.

In a suit by trustees holding title to lands granted for a specific purpose subject to reversion in case of breach,

¹Judgments, 34 C. J. § 1326; ²Id., 34 C. J. § 1346.

praying permission to sell or lease a portion thereof, the decree in a former suit denying to said trustees the right of alienation is *res adjudicata* of the instant case.

3. SAME — CHANGED CONDITIONS IN DEGREE ONLY MAY NOT BE URGED IN AVOIDANCE OF DOCTRINE OF RES ADJUDICATA.

If changed conditions since entry of the former decree may ever be urged in avoidance of the doctrine of *res adjudicata*, it is not available where the change in conditions has been in degree only and not in kind.

Appeal from Kent; Brown (William B.), J. Submitted April 26, 1927. (Docket No. 113.) Decided October 3, 1927.

Bill by the Trustees of the M. J. Clark Memorial Home against Frank Jewell, executor and trustee of the estate of Melvin J. Clark, deceased, and others for permission to sell or lease property devised in trust. From a decree for defendants, plaintiff appeals. Affirmed.

*Elvin Swarthout* (*George S. Norcross*, of counsel), for plaintiff.

*Butterfield, Keeney & Amberg*, for defendants.

FELLOWS, J. The trustees of the M. J. Clark Memorial Home file this bill asking advice and direction of the chancellor and praying permission to sell or lease for 99 years a part of the real estate deeded by M. J. Clark in his lifetime to the Michigan Annual Conference of the Methodist Episcopal Church for a home for superannuated ministers and others. The parties have been before this court in litigation involving the same property. *Puffer* v. *Clark*, 202 Mich. 169. In that case an exhaustive statement of facts will be found rendering it unnecessary to here detail the circumstances of the gift, the conditions attached to it, its acceptance, and the use to which the property is put.

[3]Judgments, 34 C. J. § 1313 (Anno).

It is alleged in the present bill that special assessments for public improvements already levied and others anticipated are heavy; that the surrounding lands are now occupied by substantial residences; that it is valuable for platting purposes; is not needed or used by the inmates, and that at least ten acres of it could be advantageously sold,—in short, that the trustees can make better use of the money arising from its sale than they can of the land. We need not detail the proofs in the record or the record in the former case, which, together with the briefs therein, are made a part of this case; nor shall we discuss many of the interesting questions ably discussed in the 299 pages of briefs in the instant case, as we are satisfied that the rights of the parties were settled by the former case and its disposition in this court, and the decree here entered renders it *res adjudicata* of the controlling question here involved.

The former suit was originally an amicable one, brought for the purpose of obtaining judicial sanction to the transfer of the property to the present plaintiff, which had been organized for the purpose of receiving and administering it. It, however, developed into a real law suit. Three of the residuary legatees under Mr. Clark's will and the representatives of a fourth then deceased, none of whom were heirs at law of Clark, appeared, answered, filed a cross-bill and insisted that the deed by Clark to the conference was void. After the testimony was taken, a settlement was had with them and they consented to the decree which was entered. Mrs. Clark and her adopted children, widow and heirs at law of Clark, were in entire sympathy with the purpose and object of the proceedings. Although made parties, they did not appear in the case, and their defaults were entered. The decree as settled contained the language quoted in the statement of facts beginning at page 182 of the

opinion in that case. This provision gave the present plaintiff, after the conveyance to it of the property, the absolute power of alienation. When Mrs. Clark and his heirs at law learned of this provision, they resented its insertion in the decree. They conceived it to be in violation of Mr. Clark's intention and of the conditions and provisions found in the deed. There were somewhat extensive negotiations looking to the elimination of these provisions of the decree, but they failed. A petition was filed for a rehearing by Mrs. Clark and the heirs at law, and the case then became, as between them and the present plaintiff, a real adversary lawsuit. It so became, and solely so became, by reason of the then insistence of the present plaintiff that, notwithstanding the provisions of the deed, it had, after the conveyance to it, the power of alienation. The petition was denied and the petitioners appealed from its denial and from the decree as entered. On their behalf it was here insisted that the decree was not justified by the pleadings and was not justified as matter of law. Both contentions were sustained by this court, Chief Justice OSTRANDER writing the opinion.

Had this court only sustained the first contention made by the appellants, that the decree was not justified by the pleadings, another question would be presented and there would be force in the contention that the case was not disposed of on its merits. There was a motion to dismiss the appeal, based in part on the claim that appellants had no right of appeal, but such contention was not sustained, the court holding that such right existed:

\* \* \* "if for no other reason than the one that the decree is not supported by the bill of complaint and the relief granted is greater than and different from that prayed for in the bill."

But after disposing of this motion, which was heard

with the case, and overruling it, the opinion proceeds
to dispose of the case and the correctness of the decree
appealed from.    We do not speak from memory, but
it is quite likely that this was done because of the
practice frequently indulged in by this court of order-
ing, on our own motion or upon application of a party,
the amendment of the pleadings in this court.    This
is frequently done in this court in the interest of
justice where the decree is right as matter of law and
of fact, and no doubt that course would have been
pursued had we reached the conclusion that the decree
appealed from was right as matter of law and of fact.
The only portion of the decree here urged to be
erroneous in that case was the provision giving the
grantee in the deed the power of alienation which by
conveyance had then passed to the present plaintiff.
In then holding that the decree was erroneous, we
then had reference to the part thereof, and only the
part thereof, then assailed.    Two excerpts from the
opinion demonstrate that we then considered and dis-
posed of on its merits the question of whether the de-
cree giving the power of alienation was erroneous or
not.    Beginning on page 196, it was said:

"If it is assumed that the answer and cross-bill of
certain defendants raised for decision the question of
the scope and effect of the original deed of the Clarks
to plaintiffs—if it is assumed that the validity of the
deed is attacked and that all parties to the suit were
bound to take notice of the issue sought by the answer
and cross-bill to be raised, the decree is still erroneous."

And on the last page of the opinion it was said:

"There has been no breach of the condition by the
grantee in the Clark deed.    To devolve the title and
management upon a new trustee will not breach the
condition.    It does not appear that there has been
a release of it, or that the condition is not in force;
and if it is in force, *the decree adjudging the substi-
tuted grantee, or the conference, to have the right of
alienation is erroneous.*"

Following the filing of the opinion in that case, a decree was settled not only eliminating that portion of the decree which authorized alienation of the property but expressly impressing upon it and the trust the conditions which the Clarks had fixed and attached in their conveyance, among them being an inhibition against alienation. The decree provides:

"That said new corporation 'The Trustees of the M. J. Clark Memorial Home,' be and it is hereby approved and confirmed as trustee of all the property of every name and nature now belonging to or hereafter coming to or devolving upon said Home, or to and upon plaintiffs, for the use and benefit of said Home; and that all of the conditions, agreements and trusts mentioned in said Clark deed, be impressed upon the holding of said property by said new trustee; and that said new trustee be decreed to be subject to all of the conditions, trusts, obligations and requirements mentioned in said deed, or implied therein or thereby; and that said new corporation 'Trustees of the M. J. Clark Memorial Home,' be decreed to be the grantee in said deed subject to all of the trusts, conditions and requirements stated or implied in said deed."

The trial judge reached the conclusion that *Puffer* v. *Clark, supra,* was *res adjudicata* of the instant case. A careful examination of the record and briefs in this case and the record and briefs in that case, together with the opinion and decree in that case, leads us to say that we have no hesitancy in agreeing with this conclusion. In that litigation, as it developed in this court, one of the questions before us and one of the questions decided was whether the grantee in the Clark deed, the conference and its grantee and successor, the present plaintiff, had the unrestrained power of alienation, in view of the following condition in the deed:

"The foregoing conveyance is made upon the express condition that the above described lands and premises shall be forever maintained and used solely as a home

for superannuated ministers of the Michigan Annual Conference of the Methodist Episcopal Church and their wives and the widows of deceased ministers and such other needy and deserving persons as said parties of the second part may from time to time designate, the same to be named and known as the M. J. Clark Memorial Home, and in case the said premises or any part thereof shall, by the act, consent or neglect of said parties of the second part or their successors in office cease to be used and maintained for the purpose aforesaid, or be used for any purpose inconsistent therewith, then the title to the above described lands shall revert unto and vest in the said parties of the first part, their heirs or assigns and all rights of the said parties of the second part or their successors in office or assigns, in and unto the above described lands shall absolutely cease and end."

Upon that issue the present plaintiff and the Clark heirs were the adversary parties. The conference, represented here by Mr. Ward, did not desire to contest the position taken by the Clark heirs. The contesting residuary legatees who were not heirs had been settled with. The litigating parties there and here were and are the same. The bringing into this case of unnecessary parties, who have no interest in the property, does not prevent the litigating parties from invoking the doctrine of *res adjudicata.*

But it is said that conditions have changed. If such a claim may in any case avoid the doctrine of *res adjudicata* it is not available here because the change in conditions has only been in degree. It will be noted from the statement of facts that in the answer to the petition for a rehearing the present plaintiff then set up the report of its committee, in which, under the head "Business Reasons" (p. 189), it made substantially the same complaints here asserted. Special assessments had then been levied and others were anticipated; it was then claimed that all the land was not needed or useful and its avails could be better

used than the land. In fact the plaint was the same then as now. Time may have accentuated conditions but it has not changed them.

The decree will be affirmed, with costs of this court.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.