ÆTNA INS. CO. OF HARTFORD, CONN., v. TAYLOR.

FIDELITY–PHENIX FIRE INS. CO. OF NEW YORK v. SAME.

Nos. 8051, 8052.

Circuit Court of Appeals, Fifth Circuit.

Nov. 13, 1936.

Rehearing Denied Dec. 12, 1936.

A. W. Clapp and Hugh MacMillan, both of Atlanta, Ga., for appellants.

Chas. S. Reid and Sidney Holderness, Jr., both of Atlanta, Ga., and S. Holderness, Sr., of Carrollton, Ga., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

These cases were consolidated for the purpose of trial in the court below; by stipulation of the parties and by order of court, they have been submitted here on a single record, and will be disposed of in one opinion. Separate verdicts and judgments were rendered against the appellants, the suits being based on policies of insurance against loss by fire on a stock of merchandise, consisting chiefly of dry goods, shoes, hats, and groceries.

The issue on the trial was whether the insured had complied with warranties in the policy to take inventories and keep a set of books which would present a complete record of the business transacted, including all purchases and sales, both for cash and on credit. In the event of failure to produce such books and inventories for the inspection of the company, there was a provision that the policy should become null and void, and that such failure should constitute a perpetual bar to any recovery thereon. The entire policy was, also, to become void if the insured concealed or misrepresented any material fact concerning it or the subject thereof; or in case of any fraud or false swearing by the insured, touching any matter relating to the insurance, whether before or after the loss.

The appellants specially pleaded in bar of recovery breaches of the several warranties and conditions, and alleged that all rights of appellee under the contract of insurance had been forfeited by his failure to produce such records upon demand, and by his fraud and false swearing in overvaluing his merchandise in his proof of loss and during the trial. Among other assignments, it is insisted that the court erred in giving the following instruction to the jury: "On the other hand, the burden is on the defendants, in the same way, to sustain their special defenses, such as the alleged breaches of the conditions of the policies, as is claimed on this case, and in the same way the rules of proof apply with respect to those special defenses as I have instructed you is on the plaintiff as to his general right to recover."

Defendants excepted to this charge on the ground that, where the iron safe clause is pleaded as a defense, the burden of showing compliance therewith is upon the plaintiff; but, in the outset of its charge, the court instructed the jury that the burden of proof was on the plaintiff to show his right to recover by "affirmative proof" and "by a preponderance of the evidence." Continuing, the court said: "He must convince the jury that there is more weight of evidence on his side of the dispute than there is on the other side, which will incline the minds of reasonable men to his side of the proposition rather than to the other. * * * If you find it is in favor of the plaintiff on all the vital issues he would be entitled to recover. If it is not with him, or that it is so evenly balanced that you cannot tell, then he fails in his case and cannot recover." Next came that part of the charge (first above quoted) which stated the burden was on the appellants to sustain their special defenses with reference to alleged breaches of conditions in the policies.

The indiscriminate use of the phrase, "burden of proof," is frequently the cause of confusion, but in this case any apparent contradiction in the above instructions may be reconciled by bearing in mind the distinction between the burden of proving an ultimate material allegation in controversy and the burden of establishing the existence of a particular fact necessary to sustain a component of such allegation. As a general rule, the burden of proof lies on the party who substantially asserts the affirmative of the issue, with two exceptions, first, in cases where a disputable presumption of law exists in favor of the party alleging the affirmative, and, second, where the subject-matter of the allegation lies peculiarly within the knowledge of one of the parties. Therefore, the plaintiff below in the first instance was required, at least, to show the issuance of the policy, the happening of the fire, and the amount of his loss. In order to show this amount he had to prove some of the facts done in compliance with the warranties, i. e., that he took inventories and kept a set of books in accordance with the iron safe clause; but clearly he did not have to prove all of them, and he was aided by any presumptions which arose as the trial proceeded. For instance, the proven existence of a valid contract of insurance would be presumed to continue until the contrary was shown. The fact that the policy had become void by any breach of warranties happening subsequent to its issuance, may have appeared from evidence introduced by him in an effort to prove the amount of his loss, but, unless such fact did preponderantly appear, the burden remained on the insurer to prove it as affirmatively alleged in its special plea. Liverpool & London & Globe Insurance Co. v. Farnsworth Lumber Co., 72 Miss. 555, 17 So. 445; Kline Bros. & Co. v. Royal Ins. Co. (C.C.) 192 F. 378. In the latter case, Judge Hand said (192 F. 378, at page 385): "As to the iron safe, the assured kept one, and it has not been proved by the defendant that Schwartz's book was not put in the safe on the night in question. The breach of this warranty is a de-

fense, and must be proved. The defendants have not discharged their burden in this regard."

The burden of proof is satisfied by actual proof of the facts of which proof is necessary, regardless of which party introduces the evidence (U. S. v. Beaman, 242 F. 876, 880, 155 C.C.A. 464); but by introducing such evidence the party does not assume an additional burden, nor does such burden shift to him.

On the trial, records were introduced in evidence, and expert testimony was admitted on behalf of both sides to explain the records and facilitate determination of the amount of the loss. In the course of this testimony, appellant offered to introduce a memorandum identified as having been made by deceased member of a firm of accountants which had been employed by appellee to ascertain his loss and prepare a proof thereof. This document was excluded by the court, and error is assigned to its action in so doing. We find no error in this ruling. The person who had prepared the proffered document was not present or available to identify it or to testify to its accuracy, nor was it shown that it was the proof of loss of the appellee or was intended to bear any relation to the loss sustained by him, though there was testimony in the record that the memorandum might have been from data furnished accountants employed by appellant. We might speculate as to its sources and purposes, but it will suffice to say that no one was present to testify to its correctness or that it was prepared from information which was correct.

In like manner, the business surveys published by the Department of Commerce were properly excluded. The fact that such documents were published by the United States government does not establish the correctness of the information given. In fact, the data here involved may have been the averages of local estimates made from a large area, or they may have been estimates of the most general character and have been wholly inapplicable to the conditions under which this loss occurred. It does not appear that their admission in evidence would have been proper.

Finally, the verdicts and judgments are for the face of the policies and for additional sums as damages in lieu of interest. The charge permitting this award was objected to, a charge denying it refused, and exceptions granted in each instance. The matter is controlled by Georgia statutes as construed by Georgia decisions. In these cases there were substantial and bona fide controversies over the amounts, in the event liability should be adjudged against the insurers. The defendants denied the amount of the loss, conducted extensive cross-examination regarding values, and by their own witnesses disputed the values. This issue was recognized by the court in its charge. In these circumstances, the question has been settled in this Circuit by the recent case of Merchants Insurance Co. v. Lilgeomont, Inc., 84 F.(2d) 685. The judgments are therefore excessive, and should be modified so as to eliminate the award of damages equal to seven per cent. per annum. As so modified, we find no reversible error, and the judgments should be affirmed; costs of appeals to be assessed against appellee.