**GUARANTEE INSURANCE COMPANY, Assignee of George Gabrelcik and Verna Gabrelcik, Plaintiff,**

v.

**GREAT AMERICAN INDEMNITY COMPANY, Defendant.**

**No. 13886.**

United States District Court
E. D. Michigan, S. D.
June 20, 1958.

Alexander, Cholette, Buchanan, Perkins & Conklin, Detroit, Mich., for plaintiff.

Crawford, Sweeny, Dodd & Kerr, Detroit, Mich., for defendant.

FREEMAN, District Judge.

This case involves the disputed liability of two insurance carriers for damages caused by the negligence of one John Lindsey while operating a 1951 Cadillac car in the State of Arkansas on February 14, 1952. Suit was filed in this court by Guarantee Insurance Company, assignee of George Gabrelcik and Verna Gabrelcik, as plaintiff, against Great American Indemnity Company, defendant. The cause came on for trial before the court, without a jury; proofs were submitted by stipulation, arguments made and the decision of the court was taken under advisement pending filing of briefs on the legal issues presented.

Upon trial, the following facts, pertinent to a decision of the court, were stipulated by the parties. In 1952, Fred and Elwood J. Ford, dba Fred Ford and Son, hereinafter called Ford, were automobile dealers in Detroit, Michigan. George and Verna Gabrelcik, dba West Side Motors, hereinafter called West Side, were auto dealers in San Diego, California.

Ford acquired a 1951 Cadillac automobile sometime in February, 1952. A few days prior to February 14, 1952, West Side telephoned Ford and contracted to purchase the Cadillac. Ford then made arrangements, as the agent of West Side, to have the car shipped to California by arranging for Hayes Auto Driveaway, Inc., to transport the car. Hayes' driver, John Lindsey, took possession of the car and commenced driving it to California. In the State of Arkansas, Lindsey was involved in an accident. As a result of this accident, suit was brought in the United States District Court for the Eastern District of Arkansas against Fred Ford, dba Fred Ford and Son; Hayes Auto Driveaway, Inc., and George Gabrelcik and Verna Gabrelcik, dba West Side Motors, defendants, by and on behalf of the injured persons in the other vehicle involved in the accident.

The complaint in the Arkansas suit alleged the sale of the auto by Ford to

West Side, that all of the defendants were jointly and severally liable because of the arrangements made between them for transportation of the car to California and that Lindsey was the agent and employee of all the defendants. Ford and West Side answered, denying ownership of the car, each maintaining that the other was the owner.

Service of process was attempted on both Ford and West Side under the "Non-Resident Motorists Act" of Arkansas by serving the Secretary of State of Arkansas. Ark.Stats. §§ 27–341, 27–342. Both Ford and West Side moved to quash service of process on the ground that service could be had under the Act only on a "non-resident owner or his agent." As a result of these motions and after hearing testimony of witnesses and consideration of depositions previously taken, the Arkansas court held that West Side was the owner of the auto as of the time of the accident and that Ford was not the owner and was not operating the car in Arkansas. Therefore, the court granted Ford's motion to quash service of process and denied West Side's motion. The case proceeded to trial and was ultimately submitted to the jury. One defense raised by West Side during the trial and submitted to the jury was that Lindsey, the deceased driver of the car, was not an agent of West Side, but was an independent contractor. The jury returned a verdict against West Side in the amount of $75,000, upon which judgment was duly entered. Thereafter, a motion for judgment notwithstanding the verdict and in the alternative for a new trial was made and denied; an appeal was taken, but was dismissed by stipulation and judgment was eventually satisfied by Guarantee Insurance Company, plaintiff in the case at bar, as the insurer of West Side.

In its complaint in the case at bar, Guarantee Insurance Company alleges that the defendant, Great American Indemnity Company, issued a policy of insurance to Fred Ford and Son, that George and Verna Gabrelcik qualified as an "additional insured" within the terms of said policy of insurance; that, under said policy, defendant insurance company was liable for any judgment rendered against West Side and was obligated to appear and defend the law suit in Arkansas and that, as a result of Great American's failure to do so, plaintiff insurance company, as the insurer of West Side, was forced to pay the judgment of $75,-000 and therefore plaintiff, as assignee of the claims of West Side against Great American, now asks judgment in that amount.

The policy of insurance issued by defendant to Ford provides:

"III. Definition of Insured

"With respect to the insurance under coverages A, B and D, the unqualified word 'insured' includes the named insured and also includes * * * (2) any person while using an automobile covered by this policy, and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. This policy does not apply:

* * * * * *

"(b) to any partner, employee, director, stockholder or additional insured with respect to any automobile owned by him, or by a member of his household other than the named insured."

As can be seen from the above, this policy does not apply to "any * * * additional insured with respect to any automobile owned by him." Thus, the key issue in this case is whether or not the automobile in question was owned by West Side. If it was so owned, then it is clear that West Side cannot qualify under the terms of the policy because of the exclusion shown above and plaintiff would have no claim for indemnity against defendant insurance company.

Defendant contends, as one of its defenses, that the judgment of the United States District Court for the Eastern District of Arkansas constitutes a bar to any claim by plaintiff in the instant

case that this automobile was owned by Ford and is *res adjudicata* as to that question. It is the opinion of the court that defendant's contention is valid and governs the decision of this case.

Service of process in the Arkansas case was attempted on both Ford and West Side by serving the Secretary of State of Arkansas in accordance with the Arkansas "Non-Resident Motorists Act." That statute provides that service of process may be made on the "owner" of an auto by service on the Secretary of State of Arkansas, if such owner is a non-resident of the state. Both Ford and West Side filed motions in the Arkansas court to quash service of process, contending that they were not owners of the car. After lengthy consideration of the facts and law, the Arkansas court ruled that West Side was the owner and that service of process on Ford was not valid and therefore granted Ford's motion to quash. West Side and Ford were adversaries in the presentation and determination of that issue. The insurance companies now before this court are unquestionably privies of Ford and West Side and neither party to this law suit contests that fact.

Defendant's contention is that, because of the decision of the Arkansas District Court on the issue of ownership, plaintiff is collaterally estopped from claiming in this court that Ford was the owner of the automobile. The doctrine of collateral estoppel has been applied in many reported decisions. Runyan v. Great Lakes Dredge & Dock Co., 6 Cir., 1944, 141 F. 2d 396; Brooks v. Arkansas-Louisiana Pipe Line Co., 8 Cir., 1935, 77 F.2d 965; Maryland Casualty Co. v. Cox, 6 Cir., 1939, 104 F.2d 354.

This doctrine is summarized in Corpus Juris Secundum:

"A fact or question which was in issue in a former suit, and was there judicially passed on and determined by a domestic court of competent jurisdiction, is conclusively settled by the judgment therein, as far as concerns the parties to that action and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court or in any other court of concurrent jurisdiction, on either the same or a different cause of action, while the judgment remains unreversed, unmodified, or unvacated by proper authority." 50 C.J.S. Judgments § 686, p. 141.

In Runyan v. Great Lakes Dredge & Dock Co., supra, 141 F.2d at page 397, the court said:

"Even if the two suits do not involve the same claim, demand or cause of action, estoppel may arise out of an earlier action to bar a subsequent proceeding. The successful maintenance of a second action on a different cause may be precluded by a prior adjudication of a particular issue involved in both actions. The test is, Was the matter litigated in the former suit determinative of the matter in controversy in the second suit. If an examination of the pleadings making the issues and the facts show that the questions essential to the decision of the first controversy are the same as those in the latter action, it will be barred."

The fact that plaintiff and defendant in the case at bar are privies to codefendants in the case in Arkansas does not affect the application of the doctrine of collateral estoppel to this case. Ford and West Side were adversaries in the Arkansas District Court on the issue of ownership of the auto, which was presented to the court to determine the jurisdiction of the court over the parties to the suit. In Fidelity and Casualty Co. of New York v. Federal Express, 6 Cir., 1943, 136 F.2d 35, 38, the Court of Appeals for the Sixth Circuit considered a case involving similar circumstances. In that case, the insurer of one of two codefendants in a previous negligence action sought to enforce a right to indemnity against the other codefendant. In the original case, each of the codefendants was charged with negligently injuring the plaintiff and judgment had been

entered, finding one of the defendants negligent and the other without negligence. The insurer of the party held liable sought indemnity against the non-liable party. The Court of Appeals held that the party held liable in the first action was collaterally estopped by the first judgment from asserting that its codefendant in the first suit was negligent in a subsequent action. The court said:

"Ordinarily, parties to a judgment are not bound thereby in a subsequent controversy between each other unless they were adversary parties in the original action; but there are exceptions to this rule. Co-parties who are not adversaries, may be bound by a judgment in a subsequent controversy between each other where they, in fact, occupied, in the prior trial, the attitude of adversaries, or where some finding of fact is made in the first suit which is an essential element in the subsequent claim or action. * * On the question whether parties are bound by a judgment, the formal arrangement of parties on the record is unimportant, so that if co-parties on the record were, in fact, adversaries on an issue, and the issue was actually litigated, and they had full opportunity to contest it with each other, either on pleadings between themselves and the plaintiff, or on cross-pleadings between themselves, co-parties are concluded by adjudication of that issue in a subsequent controversy between each other. * * *

"It is universally recognized that a former judgment, in order to be res judicata in a subsequent action, must have been rendered in an action in which the parties to the subsequent action were adverse parties. The character of a party, as adverse or otherwise, is to be determined not by his position upon the docket, or in the title of the cause, but by reference to his relations to the other parties, as shown by his interests involved in the case."

It is clear that the parties to this lawsuit occupy the same positions in reference to each other as did the parties in Fidelity and Casualty Co. of New York v. Federal Express, supra, and were in fact adversary parties before the Arkansas court within the meaning of that case.

Although the Federal Express case is based upon the court's interpretation of Ohio law, it is clear, however, that Michigan law is in line with this decision.

In Tessler v. Rothman, 1925, 232 Mich. 62, 204 N.W. 694, the parties, being contractor and owner, respectively, were formerly codefendants in a suit brought to enforce a mechanic's lien. In the subsequent suit by the contractor against the owner, seeking a different construction of the contract than was applied in the first suit, it was held that the matter had been adjudicated as between the contractor and owner in the first suit, even though they were codefendants in that case.

In Clark Memorial Home v. Jewell, 1927, 240 Mich. 250, 215 N.W. 378, the plaintiff and defendant had been codefendants in the case of Puffer v. Clark, 1918, 202 Mich. 169, 168 N.W. 471. The court held that the judgment in the Puffer case was *res adjudicata* of the issues in the Jewell case and that the parties before the court had been adversary parties, even though codefendants in the previous case, and the decision of the court in the previous case on the issue before the court in the later case was binding and barred further litigation of the same issue between the same adversary parties.

■■ It seems clear from the above authorities that, where an issue is presented to this court that is essential to a decision of a case and that issue has been decided in a previous case by a court of competent jurisdiction and the parties before this court or their privies were adversaries as to that issue in the previous case, the doctrine of collateral estoppel will prevent any further litigation of that issue in this court. It is not denied that the Arkansas court was a court

of competent jurisdiction in deciding this issue of ownership. Therefore, it is unnecessary to discuss the other issues involved.

Plaintiff's claims in this suit are based upon its status as assignee of the claim of West Side against defendant. It is clear that West Side can have no right against defendant unless it qualifies as an "additional insured" within the meaning of the insurance contract and it is also clear that the insurance contract expressly excludes any "additional insured" from coverage if it is an owner of the auto. For the reasons stated above, plaintiff, as West Side's privy, is collaterally estopped from denying West Side's ownership of the auto because of the judgment of the District Court for the Eastern District of Arkansas and the court renders a verdict for defendant of no cause of action.