SYBIL K. MEDEIROS AND LOUIS MEDEIROS *v.*
FIRST INSURANCE COMPANY OF HAWAII, LTD.

No. 4656.

June 4, 1968.

RICHARDSON, C.J., MIZUHA, MARUMOTO, ABE, JJ.
AND CIRCUIT JUDGE KING IN PLACE OF
LEVINSON, J., DISQUALIFIED.

OPINION OF THE COURT BY ABE, J.

Plaintiffs, who had recovered judgment by default against Charles and Louise Kailihiwa in a tort action, brought this action against First Insurance Company (hereinafter called "Insurance Company") on an automobile insurance policy issued by the company. They alleged that as the automobile involved in the accident was insured by the Insurance Company and defendants (Charles Kailihiwa and Louise Kailihiwa defendants in the tort action) had failed to pay on the judgment, the Insurance Company was liable under the policy.

It is alleged in the complaint and admitted in the answer that the Insurance Company issued an automobile public liability insurance policy to the Hawaii Construction, Inc., (hereinafter called "Construction Company"); that one of the trucks covered by the policy had been placed in the custody and possession of Charles Kailihiwa, an employee of the Construction Company, the named insured; and that he was authorized to drive the truck between his home and job sites before and after working hours for the purpose of transporting fellow employees to and from the job sites.

The record indicates that the insured truck was involved in an accident while being driven by Louise Kailihiwa, Charles' wife. Plaintiff Sybil Medeiros suffered personal injuries as a result of that accident and, together with her husband, filed suit against both Charles and Louise to recover damages. Though at the time of the accident the policy was in full force and effect, the Insurance Company refused to defend Charles on the ground that he was not an insured within the terms of the policy. Both Charles and Louise failed to appear in the tort action. The plaintiffs proved their claims at a hearing and the trial court entered a default judgment against both.

During the trial, after the presentation of the plaintiff's case, the court below directed a verdict for the defendant, presumably pursuant to Rule 50 (a) of the Hawaii Rules of Civil Procedure, and ordered the entry of a judgment thereon. It is from that judgment that this appeal is taken.

The policy obligated the Insurance Company to pay, "on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident." The word "insured" was defined in part to include, "any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission* * *."

The plaintiffs offered in evidence the complaint filed in the

tort action and the default judgment rendered therein. The Insurance Company objected on the grounds that the complaint and judgment were inadmissible to show coverage and that any evidence of negligence is irrelevant unless a foundation has been laid by introducing sufficient evidence to support a finding of coverage.

As to the first ground, it need only be said that the complaint and judgment were offered not to show coverage, but rather as evidence of liability on the part of Charles. To recover in this action, plaintiffs must prove, first a legal obligation (liability) on the part of Charles, and second, an obligation on the part of the Insurance Company under the policy to pay on behalf of Charles as insured. As stated, the question of coverage is secondary and need not be decided unless there is proof of liability on the part of Charles.

The default judgment in the first action constituted an adjudication, as a matter of fact, of the allegations contained in the complaint. *Yuen* v. *London Guar. & Acc. Co.,* 40 Haw. 213, 222 (1953). These facts constitute the basis for Charles Kailihiwa's liability to the plaintiffs. In the tort action, with respect to Charles, the only negligence alleged was that he was grossly and wantonly negligent in permitting his wife, whom he knew to be an unlicensed and incompetent driver to drive the truck. The determination of the factual basis for Charles' liability in the tort action was final and binding upon the Insurance Company in this suit. *Wilhide* v. *Keystone Insurance Co.,* 195 F. Supp. 659 (1961); *Bonfils* v. *Pacific Automobile Insurance Co.,* 331 P.2d 766 (1958); *Greene* v. *St. Paul-Mercury Indemnity Co.,* 320 P.2d 311 (1958); *Guarantee Insurance Co.* v. *Great American Indemnity Co.,* 163 F. Supp. 320 (1958); *Lamb* v. *Belt Casualty Co.,* 3 Cal. App.2d 624, 40 P.2d 311 (1935); 8 Appleman, *Ins. L. & P.,* § 4860, at 289 (1962). *See also, Motorists Mutual Ins. Co.* v. *Johnson,* 218 N.E.2d 712 (1966). The Insurance Company, we believe, must be deemed to be in privity with Charles with respect to the facts upon which his liability is based.

We do not believe the foregoing conclusion to be an unjust application of collateral estoppel in view of the alternative of

embarrassment engendered by possible contradictory findings with respect to Charles' negligence in the tort suit against him and the one against the alleged insurer. If Charles were found liable to the plaintiffs in an action brought against him personally, what would be the effect of a finding, in an action against the Insurance Company, that he was not liable to the same plaintiffs? Furthermore, if judgment had gone for Charles in the first action, could the plaintiffs bring suit against the Insurance Company and relitigate the question of negligence therein? The Insurance Company is not a complete stranger to the relationship between the plaintiffs herein and Charles Kailihiwa. Its liability, if any, would be vicarious in the sense that it could be held liable to the plaintiffs only if, in the first place, Charles is found liable to the plaintiffs, and secondly, only if the factual basis of this liability brings him within the coverage of the policy. We conclude, then, that the complaint and default judgment should have been admitted into evidence for the purposes outlined herein.

The ultimate issue in the instant action involves a determination of the scope of coverage under the omnibus provision of the policy.

This court, in *Columbia Casualty Co. v. Hoohuli*, 50 Haw. 212, 437 P.2d 99 (1968), recently discussed and decided the issue of coverage under a provision of a policy identical to the one in question. While the facts involved in that case were not identical to those in this case, we read the opinion to include a general pronouncement with respect to the question of coverage under so-called "omnibus provisions" of automobile liability insurance policies.

After concluding that the benefits from extended coverage justifies an expansive interpretation, within reason, of the omnibus clause, we said:

> "We adopt the approach enunciated by the Supreme Court of Vermont as follows:
>
> > 'In other words, with a showing that the vehicle was placed in the hands of the operator by consent, a presumption arises that the particular use to which the vehicle was being put was within the scope of that consent as measured

by law. The overcoming of this presumption requires evidence establishing that consent had been expressly withdrawn prior to the actual use, or that the actual use was so far afield from the purpose of the loan of the vehicles as to amount to, at best, a temporary tortious conversion ⁕ ⁕ ⁕.' *American Fid. Co.* v. *North Brit & Merc. Ins. Co.,* 124 Vt. at 275, 204 A.2d at 113 (1964).

The party who would limit the scope of permission must discharge a heavy burden and therefore in most cases coverage will be clear." 50 Haw. at 219, 437 P.2d at 105.

In this case, a showing has been made that the vehicle was placed in the hands of Charles by consent of the Construction Company, the named insured. In the light of the rule of *Columbia Casualty, supra,* the scope of coverage should be interpreted to include one who, while not physically operating the vehicle at the time of the accident, is alleged to be an "insured" within the terms of the policy. We are of the opinion that the presumption outlined in *Columbia Casualty, supra,* is applicable to the instant case.

The trial court, in our opinion, erred in directing a verdict for the defendant at the end of the presentation of the plaintiff's case without giving effect to the presumption, and, of course, without affording the defendant an opportunity to rebut it.

We do not believe that the question of coverage involved in the instant case can or should be decided without a full determination of fact after evidence has been presented by both parties to the suit.

Reversed and remanded for a new trial on all issues.

*Kenneth E. Young* and *Louis LeBaron* for plaintiffs-appellants.

*Dennis E. W. O'Connor* (*Robertson, Castle & Anthony* of counsel) for defendant-appellee.