**STATE of Delaware, Plaintiff,**

v.

**NATIONAL AUTOMOBILE INSURANCE COMPANY, a Delaware corporation, Defendant.**

Court of Chancery of Delaware, New Castle.

April 6, 1972.

**676**

Robert W. Wakefield, Wilmington, Receiver, William Poole, of Potter, Anderson & Corroon, Wilmington, and William H. Bennethum, Wilmington, for National Automobile Ins. Co.

Steven J. Rothschild, of Prickett, Ward, Burt & Sanders, Wilmington, for claimants.

DUFFY, Chancellor:

The matter for decision involves the claims of Lynn A. Pearce, Leora Pearce, Harry McDonald, and State Farm Mutual Automobile Insurance Company against National Automobile Insurance Company which is in receivership under the insolvency statute, 8 Del.C. § 291.

A.

Given the time which has passed since the happening of the events involved in these claims, the record is understandably thin. But it is undisputed that the individual claimants were injured in Ohio in 1956 when a car operated by Anthony J. Gatavesdas collided with an automobile owned and operated by Mr. Pearce. Mrs.

Pearce and the Pearces' grandson, Harry McDonald, were passengers in the Pearce vehicle. State Farm, which provided collision insurance coverage on the Pearce car, paid Mr. Pearce for his property damage and thereby became subrogated to that extent.

At the time of the accident, Mr. Gatavesdas was covered by a policy of liability insurance issued to him by the National Automobile Insurance Association, a Texas company. Pursuant to an agreement between the two companies (which were in the same corporate family), the Delaware company, sometime after 1956, assumed certain liabilities of the Texas company, including the present claims.

In 1958 an Ohio judgment was entered by default against Mr. Gatavesdas in favor of Mr. Pearce, Mrs. Pearce and State Farm.[1] Mr. McDonald did not participate in the action, since he was only five years old at the time of the accident.

This is the decision on exceptions by the Receiver to all of the claims.

B.

First, the Receiver argues that the judgments in favor of the Pearces and State Farm were taken by default and are therefore not entitled to full faith and credit. I have a different understanding of the law. Certainly a judgment by a court of competent jurisdiction is *res judicata* even if it is obtained upon a default. 1B Moore's Federal Practice, 0.409 (4). And under the full faith and credit clause, this State will give a judgment the same effect which that judgment has in the state in which it was rendered. Bata v. Hill, 37 Del.Ch. 96, 139 A.2d 159 (1958), modified 39 Del.Ch. 258, 163 A.2d 493, rearg. denied, 39 Del.Ch. 548, 170 A.2d 711, cert. denied, 366 U.S. 964, 81 S.Ct. 1926, 6 L.Ed.2d 1255. Under the facts in this record, the rule stated in *Bata* is applicable

1. The amounts of the judgments were: for Lynn A. Pearce, $5,535; for Leora Pearce, $10,000; for State Farm, $544.

to a judgment obtained by default. Here, there has been no showing that the judgments would not be binding in Ohio and, in the absence thereof, Delaware will extend full faith and credit to them.

### C.

■ The Receiver next contends that the judgments in favor of the Pearces and State Farm are not binding on him because he was not a party to the actions in which they were obtained. Again, I cannot agree. The determination of liability of the tortfeasor was final and binding upon the insurance company which provided his liability coverage. Medeiros v. First Insurance Company of Hawaii, 50 Haw. 401, 441 P.2d 341 (1968); 8 Appleman, Insurance Law and Practice, § 4860. And in so ruling I emphasize that there is no evidence that National Insurance was without notice of the Ohio suits. Under the circumstances I conclude that National Automobile was in privity with the insured, Gatavesdas, with respect to the facts upon which his liability is based. Medeiros v. First Insurance Company of Hawaii, supra.

### D.

■ The Receiver also contends that the claims are barred by 18 Del.C. § 5928(c), but the argument is not persuasive.[2] The Insurance Code which appears in Title 18 of the Delaware Code has been used generally in the administration of this receivership but, in my view, it would be unfair to apply § 5928(c) here. I say this because the Code, including this section, did not become effective until November 1, 1968, some eight years after the Receiver was appointed. And there is nothing in the

statute or the facts which calls for retroactive application.

### E.

■ The heart of the Receiver's exceptions is in his final argument that the insurance company is not responsible under the terms of the policy for the damages incurred by the claimants. Although the actual policy issued is not in evidence (it was not found after a wide-ranging search by all parties), I consider the specimen copy of insurance issued by the Texas company at the time of the accident as the next best evidence. Pursuant to that policy, the company insured the policy holder for liability incurred when he was driving an automobile other than one owned by him. However, under the conditions of the contract, the company was responsible only for excess coverage over any other valid and collectible insurance. The Receiver contends that the automobile being driven by the assured when the accident occurred was owned by another person and the carrier for that owner bears the primary responsibility and, says the Receiver, National Auto is responsible only for the excess.

As I have already stated, the Receiver concedes that Mr. Gatavesdas was insured by the Texas company and that the Delaware company assumed any responsibility it had under the policy. I am persuaded that these claims fall within Article V of the specimen contract which provides:

> *"Use of Other Automobiles:* If the named insured is an individual . . . and if during the policy period such named insured, . . . owns a private passenger automobile covered by this policy, such insurance as is afforded by this policy with respect to said automobile

---

2. 18 Del.C. § 5928(c) states:

"No judgment against such an insured taken after the date of entry of the liquidation order shall be considered in the liquidation proceedings as evidence of liability, or of the amount of damages, and no judgment against an insured taken by default, or by collusion prior to the entry of the liquidation order shall be considered as conclusive evidence in the liquidation proceedings, either of the liability of such insured to such person upon such cause of action or of the amount of damages to which such person is therein entitled."

applies with respect to any other automobile, subject to the following provisions:

(a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes (1) such named insured and spouse, . . .

(b) Under coverage C-1, this insurance applies only if the injury results from the operation of such other automobile by such named insured . . . ."

The issue thus narrows to who has the burden of proving whether the company is primarily or secondarily liable. Generally when a plaintiff has made a prima facie showing of insurance and has established that the claims fall within the general terms of the policy, the burden shifts to the insurer to come forward with evidence of an exclusion or other matters which limit its liability. Rothstein v. Aetna Insurance Company, 216 Pa.Super. 418, 268 A.2d 233 (1970); Zenner v. Goetz, 324 Pa. 432, 188 A. 124 (1936). The insurer has the burden of proving "other insurance." Mancuso v. Rothenberg, 67 N.J.Super. 248, 170 A.2d 482 (1961).

In my view the Receiver has been unable to meet this burden. There is no satisfactory proof that the car was owned by a person other than Mr. Gatavesdas or that the insurance carried by such owner was of a kind which would limit National Auto's liability to excess claim or coverage. Proof that a condition in the policy bars recovery is on the insurer in the form of an affirmative defense, Aetna Ins. Co. of Hartford, Conn. v. Taylor, 5 Cir., 86 F.2d 225 (1936), and that

offered by the Receiver is neither adequate nor persuasive.

F.

The final question now before the Court concerns the disposition of Harry McDonald's claim. As I have noted, he was five years of age at the time of the accident and his claim is not yet barred in Ohio because the statute of limitations is tolled until he becomes twenty-one. Ohio Revised Code Ann., § 2305.16. For this reason I will allow Mr. McDonald's claim and it seems to me that 18 Del.C. § 5928 (b) (1) provides a basis for doing so.[3] Quite clearly it would be against all common sense to postpone completion of this receivership (which involves some 3,200 claims, the processing of which was long delayed by ancillary administrations) to await the result of a possible action in Ohio. The claim will be allowed in an amount reached by agreement of counsel or fixed by the Court.

Order on notice.

---

3. 18 Del.C. § 5928 (b) (1) provides:
"(b) Where an insurer has been so adjudicated to be insolvent any person who has a cause of action against an insured of such insurer under a liability insurance policy issued by such insurer shall have the right to file a claim in the liquidation proceeding, regardless of the fact that such claim may be contingent, and such claim may be allowed:
(1) If it may be reasonably inferred from the proof presented upon such claim that such person would be able to obtain a judgment upon such cause of action against such insured; . . ."