[redacted]

**T.A.H. FIRST, INC., a Delaware corporation, Plaintiff–Below, Appellant,**

**v.**

**CLIFTON LEASING COMPANY, INC., t/a Delmarva Kenworth, Delaware corporation, Defendant–Below, Appellee.**

**No. 639, 2013.**

Supreme Court of Delaware.

Submitted: April 9, 2014.

Decided: April 15, 2014.

Reargument Denied May 6, 2014.

[redacted]

Scott G. Wilcox, Esquire, Whiteford Taylor Preston LLC, for Appellant T.A.H. First, Inc.

Nicholas H. Rodriguez, Esquire, Schmittinger & Rodriguez, P.A., for Appellee Clifton Leasing Company, Inc.

Before STRINE, Chief Justice, HOLLAND, and JACOBS, Justices.

STRINE, Chief Justice:

The origins of this case can be found in a prior appeal between these same parties that had a confusing procedural context. The appellant, T.A.H. First, Inc. ("T.A.H. First") had suffered a default judgment because it failed to answer the complaint of the appellee, Clifton Leasing Company, Inc., t/a Delmarva Kenworth ("Clifton"), in a timely manner.[1] T.A.H. First moved the Superior Court to vacate the default judgment. The Superior Court denied that motion, and specifically held that not only was T.A.H. First not entitled to defend the claims brought by Clifton against it, but T.A.H. First also was prohibited from pressing counterclaims against Clifton because, like the answer itself, those counterclaims were not filed in a timely manner.[2] The Superior Court agreed to hold an inquisition hearing to quantify the amount of the default judgment against T.A.H. First.

---

1. DEL.SUPER. CT. CIV. R. 55 ("[W]hen a party against whom a judgment for affirmative relief is sought, has failed to appear, plead or otherwise defend as provided by these Rules, and that fact is made to appear, judgment by default may be entered....").

2. Transcript of Oral Argument at 58:21–23, Clifton Leasing Co. v. T.A.H. First, Inc., C.A. No. 09C–04–042 THG (Del.Super. Mar. 31, 2010) ("We're not going to be talking about a counterclaim. [TAH First] had an opportunity to bring a counterclaim if [it] had moved expeditiously."); see also DEL.SUPER. CT. CIV. R. 13(a) ("A pleading shall state as a counter-claim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim...."); 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1409 (3d ed. 2013) (explaining that under the analogous Federal Civil Rule 13(a), "[p]erhaps the most important characteristic of a compulsory counterclaim is that it must be asserted in the pending case. A failure to do so will result in its being barred in any subsequent action....").

But Clifton eventually concluded that T.A.H. First was likely judgment proof and that it did not want to waste further resources or those of the Superior Court by holding an inquisition hearing. Clifton therefore sought to dismiss the case with prejudice as to all claims that any party to the case was required to have raised in a timely pleading in the case. That is, Clifton sought total peace, including ensuring that the default judgment continued to bar T.A.H. First from bringing counterclaims. The Superior Court granted Clifton's request and dismissed the case.[3] That was a prudential ruling that did not alter the finality of the default judgment or its preclusive effect, which was to preclude claims in a second action that could have been raised as counterclaims in the first action.[4]

T.A.H. First appealed on May 18, 2011, arguing that the Superior Court abused its discretion by denying the motion to vacate the default judgment. This is where things got confusing. Because Clifton had dismissed the case without seeking to quantify the default judgment and impose a duty upon T.A.H. First to pay a sum certain, this Court became concerned that it was addressing a moot point and that there might not be proper grounds for appeal. After receiving supplemental submissions, we entered an order on December 30, 2011 (the "Order") that, in candor, was confusing and can be read as contradictory.[5]

In essence, the Order contains language that can be read as both affirming the Superior Court's denial of T.A.H. First's motion to vacate the default judgment, while simultaneously reviving T.A.H. First's ability to file counterclaims that it had not timely filed. Thus, T.A.H. First seized on that language to file the claims it wished to pursue offensively against Clifton in a new case. Clifton replied that those claims were barred by the default judgment granted by the Superior Court, which was never vacated, and whose decision to deny the motion to vacate that judgment was never disturbed on appeal. Clifton moved for summary judgment on those claims.

The Superior Court itself was understandably confused by the Order. After considering the record, it held, consistent with its prior rulings, that T.A.H. First's inexcusable failure to answer or otherwise respond to Clifton's complaint barred T.A.H. First from pressing claims that could have been brought as counterclaims against Clifton in the first case.[6] In so ruling, the Superior Court took the sensible position that the mere fact that Clifton exercised restraint and did not subject the trial court, its opponent T.A.H. First, or itself to further costs by quantifying a judgment against an opponent who appeared to be judgment proof, did not thereby relieve that opponent of the full

3. Letter Order from the Superior Court dismissing *Clifton Leasing Co. v. T.A.H. First, Inc.*, C.A. No. 09C–04–042 THG (Apr. 20, 2011) (noting that "the use of valuable court time as well as the expense of another hearing requires the Court to put an end to the case.").

4. "Delaware courts have used the terms res judicata and claim preclusion interchangeably...." *Julian v. E. States Const. Serv., Inc.*, 2009 WL 1211642, at *5 n. 19 (Del.Ch. May 5, 2009); *see also* RESTATEMENT (SECOND) OF JUDGMENTS § Scope ("The principle underlying the

rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so.").

5. *T.A.H. First, Inc. v. Clifton Leasing Co.*, 35 A.3d 420, 2011 WL 6935336 (Del. Dec. 30, 2011) (unpublished table decision).

6. Transcript of Oral Argument at 54:13–56:21, *T.A.H. First, Inc. v. Clifton Leasing Co.*, C.A. No. K12C–02–039 THG (Del.Super. July 10, 2013).

consequences of its own default. Those consequences encompassed a claim preclusion bar against asserting claims that could have been brought as counterclaims in the first action.

After the Superior Court granted summary judgment on T.A.H. First's claims, T.A.H. First again appealed, arguing that our prior mandate required the Superior Court to allow T.A.H. First to press its claims, despite the default judgment T.A.H. First had earlier suffered. We understand the basis for that appeal, given the language of the Order, which stated that "the absence of appellate review does not preclude [T.A.H. First] from filing a claim against [Clifton] based on its conduct in this case."[7]

 Nonetheless, the current appeal is without merit. We have reviewed the record in both cases carefully. That review reveals that the Superior Court was well within its discretion in refusing to vacate the default judgment, as there is substantial record evidence that T.A.H. First attempted to avoid service of process for many months and otherwise inexcusably failed to answer the complaint. The Superior Court's ruling that the default judgment also barred T.A.H. First from pressing claims that were required to be filed as counterclaims was also entirely proper.[8] Likewise, by granting Clifton's motion for summary judgment, the Superior Court properly recognized that Clifton's decision to exercise restraint and dismiss the case was not to be rewarded by the perverse consequence of subjecting it to otherwise defaulted claims by T.A.H. First, which would encourage economically irrational litigation at the expense of judicial economy.[9]

At no time in this case, therefore, did the Superior Court abuse its discretion or commit an error of law. Rather, the unusual procedural circumstances presented in the prior appeal resulted in this Court issuing an Order that we acknowledge was confusing and resulted in the parties and the Superior Court expending resources unnecessarily. But that regrettable reality does not obviate the fact that Clifton is entitled, as the Superior Court found, to the protection of the default judgment it procured, and that T.A.H. First is therefore barred from pressing its claims against Clifton.

For the foregoing reasons, the judgment of the Superior Court is hereby AFFIRMED.

---

**7.** *T.A.H. First, Inc. v. Clifton Leasing Co.,* 35 A.3d 420, 2011 WL 6935336, ¶ 7 (Del. Dec. 30, 2011) (unpublished table decision).

**8.** *Wilson v. Brown,* 36 A.3d 351 (Del.2012) ("The procedural bar of res judicata extends to all issues which might have been raised and decided in the first suit as well as to all issues that actually were decided."); *State v. Nat'l Auto. Ins. Co.,* 290 A.2d 675, 676 (Del. Ch.1972) ("Certainly a judgment by a court of competent jurisdiction is Res judicata even if it is obtained upon a default."); *Whittington v. Dragon Grp. L.L.C.,* 2011 WL 1457455 (Del. Ch. Apr. 15, 2011) ("[C]laim preclusion applies not only to those claims that were raised and decided in earlier litigation, but also to claims that could have been raised and decid-

ed."); *see also* 18A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4442 (2d ed. 2013) ("Valid default judgments establish claim and defense preclusion in the same way as litigated judgments.... Plaintiffs could not afford to accept this surrender if the resulting judgment were not final. Denial of preclusion would force unwanted and often one-sided litigation that both parties would prefer to avoid.").

**9.** *LaPoint v. AmerisourceBergen Corp.,* 970 A.2d 185, 191 (Del.2009) ("Res judicata exists to provide a definite end to litigation, prevent vexatious litigation, and promote judicial economy.") (internal citations omitted).