BLACKFIELD HAWAII CORPORATION, a Hawaii corporation, Plaintiff-Appellee, *v.* TRAVELODGE INTERNATIONAL, INC., a California corporation, Defendant, and CONTINENTAL PROPERTIES, INC., Appellant

NO. 7833

(CIVIL NO. 55158)

MARCH 4, 1982

HAYASHI, C.J., PADGETT AND BURNS, JJ.

## OPINION OF THE COURT BY PADGETT, J.

This is an appeal from an order denying a motion to intervene. The suit involved a declaratory judgment action for the interpretation of a lease amendment with respect to a covenant to build.

The dispute between Appellee Blackfield and Appellee Travelodge as to whether Travelodge was under an obligation to construct improvements was one of long standing between the parties and, obviously, it was to the interest of both parties to have an early resolution of that issue.

The suit was begun on July 18, 1978. Travelodge, the defendant below and one of the appellees here, contracted to sell its lessee's interest to appellant via a DROA dated October 3, 1978 (but executed by appellant on September 8, 1978) which, in its special conditions, noted the pendency of the lawsuit.

Appellant was aware of the existence of the lawsuit, at least from September 8, 1978, when it executed the DROA. On August 15, 1979, almost a full year later, the case was set for trial during the week of March 10, 1980. Thereafter, both parties to the action filed their pretrial statements, the plaintiff in July of 1979 and the defendant in November of that year.

It was not until January 18, 1980 that appellant filed its motion to intervene. Attached to the motion to intervene was a copy of appellant's proposed answer, counterclaim and cross-claim, which would have interjected a host of new issues into the litigation, including the issue of whether or not Appellee Blackfield Hawaii Corporation was authorized to withhold consent to the assignment of the lease from Appellee Travelodge International, Inc. to appellant unless Travelodge would agree to remain liable on the lease. In its memorandum in support of its motion to intervene, appellant stated:

Continental seeks to intervene in order to prevent the possibility of the subject lease being cancelled by BLACKFIELD and/or conveyed to BLACKFIELD by TRAVELODGE in return for the restitution prayed for by TRAVELODGE.

The court below denied the motion to intervene. It apparently was of the opinion that appellant lacked an interest in the property in question and hence, had no right to intervene under Rule 24(a)(2), HRCP. It considered the application on the basis of permissive intervention under Rule 24(b), HRCP, but denied it. There-

after, the parties to the action stipulated to the facts; findings of fact and conclusions of law were entered; and a judgment was entered. Under that judgment, the lessee was ordered to commence construction of the improvements in question on or before September 30, 1981 and complete the same by December 31, 1982. The claims of Appellee Travelodge for rescission and restitution were rejected.

Intervention, under Rule 24, HRCP, must be timely. As has been said:

Since the requirement of timeliness is a flexible one, much must necessarily be left to the sound discretion of the court.

7A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1916 (1972) at 572. In passing upon the question of timeliness, the touchstone is, of course, whether there will be prejudice to the existing parties. Courts have frequently denied intervention in circumstances similar to those here, where the prejudice in allowing intervention consisted of a delay in the ascertainment of rights. *See* cases cited in 7A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1916 at n.7.

We do not reach the question of whether appellant had a sufficient property interest to give it a right to intervene under Rule 24(a)(2), HRCP, because it is obvious on the record that granting intervention would have prejudiced the parties to the action by delaying the ascertainment of their rights with respect to the central question in the litigation, that is whether there was an obligation to build a hotel upon the premises. Appellant was not seeking to come in to litigate that issue only, but was seeking, by way of counterclaim and cross-claim, to interject numerous other issues into the litigation. This inevitably would have led to considerable delay in the disposition of the case and thus prejudiced the rights of the parties to the litigation. That delay could have been averted by a timely application to intervene many months before.

Moreover, we cannot help but note that the ostensible purpose for the intervention set forth in the memorandum in support of the motion, that is to prevent the possibility of the lease being cancelled and/or conveyed to Blackfield was, in fact, accomplished in the judgment eventually entered below which appellant apparently now wants vacated.

It may be noted that there is much divergence of opinion as to whether, in a situation similar to this, we should affirm the order or dismiss the appeal. 7A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1923 (1972). We prefer to affirm.

Affirmed.

*Paul A. Schraff (John R. Dwyer, Jr.* and *Louise K. Y. Ing* on the briefs, *Carlsmith & Dwyer* of counsel) for appellant.

*Dan T. Kochi (Burnham H. Greeley* with him on the brief, *Carlsmith, Carlsmith, Wichman & Case* of counsel) for appellee Blackfield Hawaii.

*James H. Lawhn (Ezra, O'Connor, Moon & Lawhn* of counsel) for defendant Travelodge.