EMPLOYEES' RETIREMENT SYSTEM OF THE STATE OF
HAWAII, Plaintiff-Appellee, *v.* AINA ALII, INC.,
ALBERT-LOVETT COMPANY, BANK OF HAWAII,
RICHARD C. CHING, LUCY CHING, CITY AND COUNTY
OF HONOLULU, HAWAIIAN ELECTRIC COMPANY, INC.,
INCOME BUILDERS, INC., ANDREW DOUGLAS
JACKSON, KATHERINE COLE JACKSON, MITSUYUKI
KIDO, SHIGEKO KIDO, MIU HIN LEONG, LIBERTY
BANK Substituted by UNITED STATES OF AMERICA,
KWAN HI LIM, LUK, INC., SONIA SOBERG MAAS,
VIVIAN MARKHAM, Est. of Substituted by BISHOP TRUST
CO., LTD., METROPOLITAN LIFE INSURANCE
COMPANY, QUEEN'S MEDICAL CENTER, FLORENCE
DuBOIS SIMMS, THC FINANCIAL CORP., WAIKIKI
DEVELOPMENT CO., INC., THE UNITED STATES
OF AMERICA, GORDON Y. H. WONG and DOROTHY
WRAY, Defendants, and NAHUA ASSOCIATES,
Defendant-Intervenor, and CHARLES MACK dba Ancestral
Arts, Appellant, *v.* JAMES H. KNAEFLER, Receiver-Appellee

NO. 7584

AND

EMPLOYEES' RETIREMENT SYSTEM OF THE STATE OF
HAWAII, Plaintiff-Appellee, *v.* AINA ALII, INC.,
ALBERT-LOVETT COMPANY, BANK OF HAWAII,
RICHARD C. CHING, LUCY CHING, CITY AND COUNTY
OF HONOLULU, HAWAIIAN ELECTRIC COMPANY, INC.,
INCOME BUILDERS, INC., ANDREW DOUGLAS
JACKSON, KATHERINE COLE JACKSON, MITSUYUKI
KIDO, SHIGEKO KIDO, MIU HIN LEONG, LIBERTY
BANK Substituted by UNITED STATES OF AMERCIA,
KWAN HI LIM, LUK, INC., SONIA SOBERG MAAS,
VIVIAN MARKHAM, Est. of Substituted by BISHOP TRUST
CO., LTD., METROPOLITAN LIFE INSURANCE
COMPANY, QUEEN'S MEDICAL CENTER, FLORENCE
DuBOIS SIMMS, THC FINANCIAL CORP., WAIKIKI

458

DEVELOPMENT CO., INC., THE UNITED STATES OF AMERICA, GORDON Y. H. WONG and DOROTHY WRAY, Defendants, and NAHUA ASSOCIATES, Defendant-Intervenor, and MARVIN MAGEE, YOUNG KWON KIM, SOOK HYUN KIM, OAHU FOTO FACTORY, LTD., CHARLES MACK and JANICE MACK, dba Ancestral Arts, Intervenors-Appellants, *v.* JAMES H. KNAEFLER, Receiver-Appellee

NO. 7777

CIVIL NO. 46176

APRIL 2, 1982

LUM, ACTING C.J., NAKAMURA, J.,
RETIRED JUSTICE OGATA IN PLACE OF
RICHARDSON, C.J., ABSENT, AND
INTERMEDIATE COURT OF APPEALS
JUDGES HAYASHI AND PADGETT ASSIGNED
BY REASON OF VACANCIES

*Per Curiam.* These are appeals from two orders entered below in a foreclosure action concerning a sublease. Appellants claim to be

sub-sublessees. In 7584, they appeal from an order instructing the receiver of the sublease not to execute a sub-sublease with appellants and to collect from appellants back rentals. In 7777, they appeal from an order denying a motion to intervene. We affirm both orders.

The present action commenced September 15, 1975 when the Employees' Retirement System of the State of Hawaii, plaintiff, filed a foreclosure action against Aina Alii, Inc. and others, seeking to foreclose a mortgage made by Aina Alii, Inc. of its subleasehold estate in Lot 33, area 21,397 square feet, as shown on Map 21, filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii with Land Court Application No. 324 and being a portion of the land described in Transfer Certificate of Title No. 47714 issued to the Queen's Hospital. The mortgage was made on or about May 31, 1963 and was on file in the Office of the Assistant Registrar of the Land Court of the State of Hawaii as document No. 309253 and duly noted upon the certificate of title for the land in question. There were numerous other junior liens to the mortgage of the plaintiff below.

In the course of the proceedings, a receiver of the mortgaged property was appointed by the court. On June 21, 1979, he filed a motion for instructions, alleging that in July 1974, Appellants Charles and Janice Mack, dba Ancestral Arts, had assumed an existing lease for store No. 103 in the demised premises between Aina Alii, Inc., the predecessor corporation of Income Builders, Inc. (which was then the owner of the subleasehold in foreclosure) as lessor and Gorden Cook, dba Waikiki Hardware, as lessee. He further alleged that that lease was effective from October 1, 1973 to September 30, 1976 and detailed various negotiations and correspondence between Income Builders, Inc. and the Macks, looking toward a 15-year renewal of the lease. He alleged that there was a dispute as to whether the renewal was in effect and, as to whether a new lease document had to be executed and as to the terms thereof. He further alleged that Appellants Charles and Janice Mack were withholding the payment of rental under the alleged renewed lease.

Appellants Charles and Janice Mack were not joined as parties to the action. Nevertheless, when the motion for instructions came on to be heard on July 13, 1979, the appellants were represented by an

attorney at the hearing. The court refused to recognize that attorney as having any standing in the proceedings and orally gave instructions to the receiver. Those instructions were embodied in a written order filed July 24, 1979 which instructed the receiver not to execute any new lease with Charles and Janice Mack, dba Ancestral Arts (hereinafter referred to as "Ancestral Arts") but instead to initiate all legal action to collect any rents due to the Pacific Prince Hotel from Ancestral Arts. The appeal in No. 7584 is prosecuted from that order.

Prior to the motion for instructions being filed, the court had, on March 16, 1979, entered an interlocutory decree of foreclosure in favor of the plaintiff.

In August, appellants made a change of counsel. On August 21, 1979, the previously ordered and postponed sale of the mortgaged property at public auction took place. The commissioners reported the sale to the court on August 22, 1979. On August 23, a motion to confirm the sale was made by the successful bidder at auction. On the same day, appellants filed an amendment to their notice of appeal, specifying that they were appealing from the written order granting instructions filed on July 24, 1979. On August 30, a hearing on the motion to confirm the sale was held and appellants' counsel was present. On August 31, a decree of foreclosure and order confirming the sale was entered pursuant to the oral order of the court at the August 30 hearing. On September 6, 1979, appellants along with several other persons who also purported to be commercial tenants of the mortgagor's successor-in-interest filed a motion to intervene in the proceedings pursuant to Rules 24(a)(2) or in the alternative, 24(b)(2), Hawaii Rules of Civil Procedure. That intervention motion was heard and orally denied October 9, 1979. However, the written order was not entered until January 3, 1980. From that written order, all of the proposed intervenors timely filed a notice of appeal in No. 7777.

It is apparent from the motion for instructions that the dispute over the renewal of appellants' sub-sublease was one of long standing when the receiver finally brought the motion for instructions. No explanations as to why appellants had permitted the dispute to drag on for such a long period without taking any proceedings to enforce what they claimed were their rights is offered. The court's order, as we have said, to the receiver was to not execute a lease and

to take appropriate steps to collect the back rental.

Since the court refused to recognize the standing of appellants' counsel at that hearing and since appellants had not been joined as parties, obviously, that order could not prevent the appellants from litigating the issues of the duty to execute the lease and the obligation to pay the back rental in an appropriate proceeding. The order entered was simply a direction to the receiver as an officer of the court as to how to proceed. It did not adjudicate any of appellants' rights.

The transcript of the hearing is devoid of any suggestion that appellants orally moved to intervene at the July 13, 1979 hearing. No explanation is offered as to why they did not file a motion for intervention at that time pursuant to Rule 24, Hawaii Rules of Civil Procedure. In the circumstances, we do not regard appellants as aggrieved persons having standing to appeal the order in question in No. 7584.

Appellants argue, however, that they were sub-sublessees and that the sale of the sublease, in some manner, deprives them of their claimed property interests. However, as the court below would later point out at the hearing on the motion to intervene,

The Court, in granting — in confirming the sale, confirms the right, title and interest only of the party selling whatever interest and title he has.

The other matters relating to whether a lease or sublease exists or doesn't exist, is a matter of future consideration which is to be resolved in another hearing independent of this action. Whatever title was granted by this Court flows only from those selling their title, and that's it. They don't get it free and clear, then the problem can be resolved as a later issue. That's a determination to be made in the future.

This Court can never give a warranty deed and it does not give a warranty deed. The purpose of an interlocutory decree of foreclosure only goes to what right, title and interest the party selling has, and that's all.

In view of the fact that the order confirming the sale did not affect appellants' claimed rights, we see no due process issue in this case.

Of course, what was being sold was a subleasehold of a parcel of

real property registered in the Land Court. Since appellants' claimed leasehold interests were not noted on the Certificate of Title, we think it clear that the purchaser at the mortgage sale, under § 501-82, HRS, took the leasehold free and clear of appellants' claimed interests. *Compare, Honolulu Memorial Park, Inc. v. City & County of Honolulu,* 50 Haw. 189, 436 P.2d 207 (1968). But this result comes from the operation of the statute and not because of any orders below.

Turning to the denial of the motion to intervene, Rule 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action: . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Rule 24(b) provides:

> Upon timely application anyone may be permitted to intervene in an action: . . . when an applicant's claim or defense and the main action have a question of law or fact in common.

The appellants certainly knew of any problems posed by the foreclosure action not later than the appearance of their counsel at the hearing on July 13, 1979. They filed no motion to intervene at that point. Their present counsel, according to the record, entered his appearance on August 16, 1979. The auction, which was publicly advertised, did not take place until August 21, 1979. Appellants' counsel was present at the hearing on the motion for an order to confirm the sale which was held August 30, 1979. That motion was granted, and an order confirming the sale was entered the next day, yet it was not until September 6, 1979 that the motion to intervene was filed.

Intervention under Rule 24, HRCP, must be timely. As has been said:

> Since the requirement of timeliness is a flexible one, much must necessarily be left to the sound discretion of the court.

7A Wright & Miller, Federal Practice and Procedure, § 1916 (1972) at 572. In passing upon the question of timeliness, the touchstone is, of course, whether there will be prejudice to the existing

parties. *Id.*

Here, the foreclosure action had been pending for four years. Appellants sat back without intervening while the parties went through the expense and effort of an auction sale and of a hearing on a motion to confirm the sale. The prejudice is obvious and it is clear that the motion was not timely. *Compare Blackfield Hawaii Corp. v. Travelodge International, Inc.,* 3 Haw. App. ____, 641 P.2d 981 (1982).

Moreover, as we have pointed out, there has been no impairment of appellants' claim to property interests by reason of the judicial sale in the mortgage foreclosure action. Any impairment which has resulted arises from the operation of the statutes dealing with land court registration and from appellants' failure, for whatever reason, to take steps to have their claimed interests in the property noted on the Certificate of Title prior to the judicial sale.

In *Blackfield, supra,* our Intermediate Court of Appeals noted that there was a divergence of opinion as to whether in situations similar to this, the order denying intervention should be affirmed or the appeal dismissed. 7A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1923 (1972). We prefer to affirm.

*Wesley H. Sakai (Jay M. Fidell* with him on the briefs, *Bendet & Fidell* of counsel) for appellants Macks.

*Hiroshi Sakai (Ralph H. Sahara* with him on the brief) for defendant Svirsky.

*Edward Kemper* on the brief for appellants Magee, et al.

*James N. Duca* on the brief for appellants Oahu Foto Factory.