SU DUK KIM, Plaintiff-Appellee, *v.* H. V. CORPORATION, a Hawaii corporation, dba YUN HEE LOUNGE, NAM SOO KIM, and YUN HEE IM, Defendants-Appellees, and GREAT SOUTHWEST FIRE INSURANCE COMPANY, Applicant for Intervention-Appellant

APPEAL NO. 9415

(CIVIL NO. 56119)

SEPTEMBER 21, 1984

BURNS, C. J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Great Southwest Fire Insurance Company (Great Southwest) appeals the denial of its application under Rule 24(a) of the Hawaii

Rules of Civil Procedure (HRCP) to intervene by right in this case as a defendant. We hold that Great Southwest had a right to intervene and reverse.

This case arose out of an incident at the Yun Hee Lounge (Lounge) in late September of 1978. While he was a patron of the Lounge around its closing time, Su Duk Kim was stabbed in the abdomen by Nam Soo Kim, the husband of a Lounge employee. The Lounge was owned by H. V. Corporation whose owner and sole shareholder, Yun Hee Im, was managing the Lounge the night of the incident.

On November 1, 1978 Su Duk Kim filed a complaint based on negligence against H. V. Corporation, Yun Hee Im, and Nam Soo Kim. As insurer for H. V. Corporation and Yun Hee Im, Great Southwest proceeded to defend the suit notwithstanding Yun Hee Im's refusal to sign a reservation of rights agreement. Soon thereafter, Great Southwest filed a separate action (Civil No. 56362) in which it moved for and was awarded, on July 8, 1980, a declaratory partial summary judgment that there was no insurance coverage for and therefore no duty to defend H. V. Corporation and Yun Hee Im regarding the incident. Thereupon, on August 8, 1980, the lower court permitted Yun Hee Im and H. V. Corporation to terminate the services of Great Southwest's counsel and to substitute their own counsel.

On August 17, 1980 Yun Hee Im and H. V. Corporation appealed the summary judgment awarded to Great Southwest in Civil No. 56362.

On September 27, 1982 Su Duk Kim, Nam Soo Kim, Yun Hee Im, and H. V. Corporation stipulated as follows: 1) Su Duk Kim and Nam Soo Kim agreed to dismiss and extinguish forever, with prejudice, all their claims, past, present, or future, against Yun Hee Im; 2) H. V. Corporation and Nam Soo Kim admitted liability for Su Du Kim's damages; 3) all parties waived trial by jury on the issue of damages; 4) all parties agreed to withdraw and dismiss with prejudice all allegations relating to malicious, wanton, and/or reckless conduct, gross negligence, or violation of the law; and 5) H. V. Corporation, Nam Soo Kim, and Yun Hee Im agreed to withdraw and dismiss with prejudice all affirmative defenses pleaded.

On December 15, 1982 we heard oral argument on the appeal in Civil No. 56362.

On December 29, 1982 Su Duk Kim agreed with H. V. Corporation and Yun Hee Im not to record or execute any judgment against them and received an assignment of all their rights against Great Southwest, National Mortgage and Finance Company, Ltd., Edward Takeyama, Triad Insurance Agency, and related parties.

On January 10, 1983 Su Duk Kim filed the September 27, 1982 stipulation and a motion for partial summary judgment on the issue of the liability of H. V. Corporation, Yun Hee Im, and Nam Soo Kim.

On January 26, 1983, in Civil No. 56362, we held that summary action on the issues of coverage and duty to defend was inappropriate, set the declaratory partial summary judgment aside, and remanded for trial. *Great Southwest Fire Insurance Co. v. H. V. Corp.,* 3 Haw. App. 664, 658 P.2d 337 (1983).

On February 10, 1983 Su Duk Kim filed the covenant not to record or execute and the assignment of rights. After a hearing on that day, Su Duk Kim was orally granted partial summary judgment against Yun Hee Im, H. V. Corporation, and Nam Soo Kim on the issue of liability.[1] The order was filed on February 22, 1983.

On February 15, 1983 Great Southwest filed its motion to intervene by right as a defendant. The motion was scheduled for hearing on March 17, 1983. H. V. Corporation, Yun Hee Im, and Su Duk Kim filed memoranda in opposition. The hearing was continued by stipulation to April 20, 1983. The motion to intervene was orally denied on April 20, 1983. The written order followed on May 9, 1983.

On May 6, 1983 a bench trial on the issue of damages was held. On May 27, 1983 judgment was entered in favor of Su Duk Kim and against H. V. Corporation, Yun Hee Im,[2] and Nam Soo Kim, jointly and severally, for $66,000 in special damages and $175,000 in general damages.

---

[1] The partial summary judgment against Yun Hee Im violated the promise made by Su Duk Kim in the September 27, 1982 stipulation to dismiss his claims against Yun Hee Im.

[2] *See* footnote 1, *supra.*

## I.

An order denying an application for intervention by right under Rule 24(a)(2), HRCP,[3] is final and appealable, *Martin v. Kalvar Corp.,* 411 F.2d 552 (5th Cir. 1969), and is reviewed under the right/wrong standard of review.

## II.

Rule 24(a)(2), HRCP, requires us to consider four factors in assessing Great Southwest's right to intervene: a) whether the application was timely; b) whether Great Southwest claims an interest relating to the property or transaction which is the subject of the action; c) whether the disposition of the action would, as a practical matter, impair or impede Great Southwest's ability to protect that interest; and d) whether Great Southwest's interest is inadequately represented by the existing defendants. We answer yes to all four questions.

## A.

We turn first to the question of timeliness. It is generally regarded as a flexible concept, *NAACP v. New York,* 413 U.S. 345, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973), and is a matter within the sound discretion of the trial court. *Blackfield Hawaii Corp. v. Travelodge International, Inc.,* 3 Haw. App. 61, 641 P.2d 981 (1982); *Reeves v. International Tel. and Tel. Corp.,* 616 F.2d 1342 (5th Cir. 1980). When deciding the question of timeliness, all circumstances must be considered, but two are especially relevant: 1) the lapse of time between when the applicant should have sought intervention and

---

[3] Rule 24(a), HRCP, reads as follows:

Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

when it actually did and 2) the prejudice caused to the existing parties by that lapse of time. 7A Wright & Miller, Federal Practice and Procedure, *Civil* § 1916 (1972).

We conclude that it would be an abuse of discretion to hold Great Southwest's application to be untimely. In our view, 1) Great Southwest was entitled to rely on the declaratory partial summary judgment and to cease its defense of H. V. Corporation and Yun Hee Im and 2) it had no basis upon which to seek intervention by right until January 26, 1983, when we set aside the judgment in Civil No. 56362 and reopened the issues of coverage and the duty to defend.

Thus, the relevant lapse of time is from January 26, 1983 to February 15, 1983 when Great Southwest filed its motion to intervene. That lapse of time does not appear to be unreasonable. Moreover, we see no prejudice to the existing parties from it. The timely replacement of an inadequate defender with one that is adequate is not prejudice.

### B.

Next, we examine Great Southwest's interest in this case. The United States Supreme Court has stated that intervention as of right requires that the applicant's interest must be significantly protectable. *Donaldson v. United States,* 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580, 589 (1971). The uncertainty of the definition of the phrase "a significantly protectable interest" has led to a wide disparity in its interpretation. *See* 3B J. Moore & J. Kennedy, Moore's Federal Practice ¶ 24.07[2] at 57 (2d ed. 1982) and the cases cited therein. We conclude, however, that Great Southwest has an interest in the outcome of this case that is significantly protectable.

Su Duk Kim argues that since Great Southwest's interest is contingent upon the ultimate decision in Civil No. 56362, it is not immediate or direct enough to be a real interest in the outcome. *Corridan v. Rose,* 137 Cal. App. 2d 524, 290 P.2d 939 (1955). We disagree. The uncertainty of the interest is not a bar to intervention. *S.E.C. v. Flight Transp. Corp.,* 699 F.2d 943 (8th Cir. 1983); *but cf. Restor-A-Dent Dental Lab., Inc. v. Certified Alloy Prod.,* 725 F.2d 871 (2d Cir. 1984).

### C.

Next, we examine whether the disposition of the action would, as a practical matter, impair or impede Great Southwest's ability to protect its interest in this case.

The outcome in Civil No. 56362 will decide the issues of coverage and duty to defend. If Great Southwest loses Civil No. 56362, it will then have an interest in the issues of liability and damages.

The question is whether Great Southwest will be able to contest the remaining issues in the case if it is not allowed to intervene. The answer is no. In *Medeiros v. First Insurance Co. of Hawaii, Ltd.,* 50 Haw. 401, 441 P.2d 341 (1968), our supreme court held that an insurer was bound by a default judgment against the insured on the issues of liability and damages. In our view, since the insurer is bound by the insureds' default, it is also bound by the insureds' stipulation and by a decision after a trial on the merits.

### D.

Finally, we examine whether Great Southwest's interest was inadequately represented by the existing defendants. The applicant has the burden to show the inadequacy. However, this burden is minimal. 3B J. Moore & J. Kennedy, Moore's Federal Practice ¶ 24.07[4] at 71 (2d ed. 1982). Generally, inadequacy of representation may be shown if there is proof of collusion or if the representatives have, or represent, some interest adverse to that of the applicant or if there has been nonfeasance in the duty of representation. *Id.* at 68.

The facts in this case do not fit squarely into any of the abovenoted categories. Here, the insureds legitimately and foreseeably took full advantage of Great Southwest's voluntary absence from the case and negotiated with Su Duk Kim a deal favorable to the insureds but unfavorable to Great Southwest. Thereafter, the insureds had no material interest in this case. Under these facts, we conclude that thereafter the insureds were inadequate representatives of the interest of Great Southwest in this case.

Great Southwest shall be allowed to intervene. Moreover, the lower court shall set aside any of its actions after April 20, 1983 that Great Southwest moves to set aside within a reasonable time after

304

the filing of the final judgment in this appeal.

Reversed and remanded for further proceedings consistent with this opinion.

*William A. Bordner (Gary L. Miller* with him on the brief; *Burke, Ashford, Sakai, McPheeters, Bordner & Gilardy* of counsel) for appellant.

*Edward Y. N. Kim (Kim & Kim* of counsel) for appellee Su Duk Kim.

*Wayne D. Parsons* for appellee H. V. Corporation and Yun Hee Im.