898 P.2d 610

**Linda Chu TAKAYAMA, as Insurance Commissioner of the State of Hawai'i, Plaintiff–Appellee,**

v.

**FINANCIAL SECURITY INSURANCE COMPANY, LIMITED, a Hawai'i corporation, Defendant–Appellee,**

and

**Robert J. Keller, Appellant.**

**No. 16663.**

Intermediate Court of Appeals of Hawai'i.

June 30, 1995.

---

Robert J. Keller, appellant pro se, on the briefs, Los Angeles, CA.

Don Jeffrey Gelber, Robert J. Faris and Elizabeth B. Croom, (Gelber, Gelber, Ingersoll & Klevansky, of counsel), on the brief, Honolulu, for plaintiff-appellee.

Before BURNS, C.J., ACOBA, J., and SIMMS, Circuit Judge, in Place of WATANABE, J., Disqualified.

BURNS, Chief Judge.

Robert J. Keller (Keller) appeals the circuit court's November 17, 1992 order (November 17, 1992 Order) denying his July 31, 1992 motion (July 31, 1992 Motion) to substitute him in place of the plaintiff as "trustee" for defendant Financial Security Insurance Company, Ltd. (FSIC) or, in the alternative,

to grant him leave to intervene "individually and as trustee" pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 24(a) and/or (b). We dismiss the appeal of the denial of the motion for substitution for lack of appellate jurisdiction. We affirm the denial of the motion to intervene.

When he died, Keller was an officer and director of FSIC, United Independent Insurance Agencies, Inc. (UIIA)[1], and United Insurance Management, Inc. (UIM)[2]. The surviving directors are Irving Griff and Vincent Bonofiglio.[3]

On September 21, 1984, pursuant to HRS § 431–670 (1985), the circuit court found that FSIC was insolvent and appointed the Insurance Commissioner of the State of Hawai'i (Insurance Commissioner) as temporary receiver of FSIC, its assets and liabilities, and its business.

On September 25, 1984, the circuit court entered a Stay Order in relevant part as follows:

> IT IS FURTHER ORDERED THAT all persons, firms, and corporations are hereby enjoined from doing any act or thing whatsoever to interfere with the possession or management by said Receiver of the property, assets, or business of the defendant, or interfere in any way with the Receiver in the discharge of his duties herein, or to interfere in any matter during the pendency of this proceeding with the jurisdiction of this Court over FSIC and its property and business[.]

On October 2, 1984, the circuit court, pursuant to the stipulation of the parties:

(1) decided that FSIC was insolvent within the meaning of HRS § 431–653(1);

(2) appointed the Insurance Commissioner as the Receiver of FSIC; and

(3) until the further order of the court, enjoined FSIC "and its officers, directors, stockholders, members, subscribers, agents, servants, employees (except for those employees who may hereafter be hired or rehired by the Receiver), attorneys, and those persons acting in active concert or participation with them," from activities concerning FSIC's property and business, except as instructed by the Receiver.

In 1990, for their failure to file an annual report for a period of two years or remit fees as required by law, the State of Hawai'i Director of the Department of Commerce and Consumer Affairs (DCCA), in accordance with HRS § 415–95 but without the consent of the Insurance Commissioner or the circuit court, involuntarily dissolved the following corporations on the following dates:

FSIC on February 28, 1990

UIIA on February 28, 1990

UIM on November 30, 1990

Each certificate of involuntary dissolution states that "the last directors of the corporation shall be and act as trustees for the creditors and shareholders of the corporation."

On April 30, 1991, the DCCA's Director entered an Order stating, in relevant part, as follows:

> C. The provisions of the Hawaii Business Corporation Act relating to the involuntary dissolution of ordinary business corporations are inconsistent with the provisions of the Hawaii Insurance Code pertaining to the liquidation and rehabilitation of insurance companies, and, pursuant to [HRS] § 431:4–103, the applicable provisions of the Insurance Code, [HRS] §§ 431:15–307 and 431:15–309 (which provide that the Insurance Commissioner, as court-appointed Receiver, shall be the exclusive liquidator and that the Court shall supervise the dissolution of the corporation) shall control.

---

1. UIIA is not a party in this case.

2. It appears that UIM is in Chapter 7 bankruptcy, that Robert Matsumoto, Esq., was its trustee in bankruptcy, and that Paul Sakuda is its trustee in bankruptcy. However, UIM is not a party in this case.

3. Keller died on January 19, 1994. The record shows that his surviving spouse, Caryl Keller (Caryl), has been appointed personal representative of Keller's estate in California. Therefore, she stands in his individual capacity shoes in California but not Hawai'i. Pursuant to Hawai'i Revised Statutes § 415–95(b) (Supp.1992), Irving Griff and Vincent Bonofiglio stand in Keller's representative capacity shoes in Hawai'i.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The order of February 28, 1990, purporting to dissolve [FSIC] is hereby vacated and set aside, and [FSIC] is hereby reinstated as a valid Hawaii [Hawai'i] corporation, *nunc pro tunc*, subject to the provisions of paragraph 2.

2. This order shall not be deemed in any manner to alter or interfere with the appointment of the Receiver in ... Civil No. 84–0807, ..., the exclusive jurisdiction of the Receiver over the assets and affairs of the corporation (subject to court supervision), and the exclusive jurisdiction of the Circuit Court to supervise the Receiver and the liquidator of FSIC.

3. All penalties arising out of FSIC's failure to file annual reports, and the requirement that such annual reports be filed for so long as the Insurance Commissioner is the Receiver of FSIC, are hereby waived.

In his July 31, 1992 Motion, Keller moved, pursuant to HRCP Rules 17(a), 24, and 25(c) and HRS § 415–95(b), as an individual and as a trustee and agent of the dissolved corporations, to be substituted for the Insurance Commissioner as trustee for FSIC or, in the alternative, to be permitted to intervene to represent "the separate interests of said corporations and their creditors and shareholders[.]"

In his affidavit in support of his July 31, 1992 Motion, Keller stated, in relevant part, as follows:

6. The Director of the [DCCA] has purported to void his own certificates of involuntary dissolution. However, the Director ... is in a patent conflict of interest since he seeks not only to regulate corporations but also is the department head over the insurance commissioner and receiver. No provision of Hawaii [Hawai'i] law authorizes the voiding of a certificate of involuntary dissolution after 90 days. If the Insurance Commissioner, acting as receiver, failed to file required annual reports, resulting in involuntary dissolution, the director should not be permitted to take action not authorized by Hawaii [Hawai'i] Law simply to benefit his authority.

The circuit court's November 17, 1992 Order denied Keller's July 31, 1992 Motion.

■ That part of the November 17, 1992 Order that denied Keller's motion for substitution is not final and appealable. 7C C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 1962 (1986). Therefore, we dismiss that part of Keller's appeal.

■ That part of the November 17, 1992 Order that denied Keller's motion for intervention is final and appealable. *Kim v. H.V. Corp.,* 5 Haw.App. 298, 301, 688 P.2d 1158, 1160 (1984). We subscribe to the rule that denials of motions to intervene are final and appealable orders. 7C C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 1923 (Supp.1994). This opinion decides Keller's appeal of the denial of his motion for permissive intervention and/or intervention as of right.

In *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n,* 997 F.2d 581 (9th Cir.1993), the DCCA dissolved a corporation while the corporation was under the jurisdiction of the Bankruptcy Court pursuant to Chapter 11 of the Bankruptcy Code and the 11 U.S.C. § 362(a) automatic stay was in effect. *Hillis* voided the dissolution. In the court's words, the automatic stay "is designed to effect an immediate freeze of the *status quo* by precluding and nullifying post-petition actions, judicial or nonjudicial, in nonbankruptcy fora against the debtor or affecting the property of the estate." *Id.* 997 F.2d at 585.

■ In the instant case, the September 25, 1984 Stay Order had the same purpose and effect as did bankruptcy law's automatic stay in *Hillis Motors.* Therefore, we agree with the Insurance Commissioner that, while the Insurance Commissioner was the court-appointed Receiver of FSIC and the Stay Order was in effect, no one, not even the DCCA Director, could legally do anything with respect to FSIC, its business, and its assets and liabilities, without the consent of the Insurance Commissioner and/or the circuit court. The involuntary dissolution of FSIC was void ab initio because it violated the Stay

Order and impermissibly interfered with the circuit court's valid assertion of jurisdiction.

Accordingly, we affirm that part of the circuit court's November 17, 1992 Order that denied the part of Keller's July 31, 1992 motion that sought intervention. For lack of appellate jurisdiction, we dismiss Keller's appeal of that part of the circuit court's November 17, 1992 Order that denied the part of Keller's July 31, 1992 motion that sought substitution.