**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000032
15-APR-2024
07:47 AM
Dkt. 86 SO**

NO. CAAP-19-0000032

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

COUNTY OF KAUA'I, Plaintiff-Appellee,
v.
KALA INDUSTRIES LLC, Defendant-Appellee,
and
DOES 1-20, Defendants,
and
BAUCIS KILAUEA, LLC, DOLPHIN HOUSE ESTATES, LLC,
MICHAEL PIUZE, and ZOE ROSE LLC,
Real Party in Interest-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 5CC-18-1-000031)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

Real Party in Interest-Appellants Baucis Kilauea, LLC,
Dolphin House Estates, LLC, Michael Piuze, and Zoe Rose LLC
(collectively, **Appellants**) appeal from the December 10, 2018
"Order Denying Motion for Leave to Intervene as Defendants"

(**Order Denying Motion to Intervene**), filed by the Circuit Court of the Fifth Circuit (**Circuit Court**).[1]

On appeal, Appellants raise two points of error (**POEs**),[2] contending that the Circuit Court erred by denying their motion to intervene as of right and permissively under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 24.[3]

Upon careful review of the record on appeal and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we vacate and remand.

Defendant Kala Industries LLC (**Kala**)[4] is the owner of Lot 10-C, Tax Key No. (4)5-2-004-071, located in the County of Kauaʻi (**Property**), a 21-acre parcel comprised mostly of conservation land, which includes cliffs above and adjacent to Kauapea Beach. On February 28, 2018, Plaintiff-Appellee County of Kauaʻi (**County**) filed a Complaint against Kala to affirm the existence of a public beach access trail easement across Kala's Property to access Kauapea Beach.

---

[1] The Honorable Edmund D. Acoba presided.

[2] In light of our disposition of POE 1 regarding intervention as of right, we do not address POE 2 regarding permissive intervention.

[3] HRCP Rule 24(a) states:

> **(a) Intervention of right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

[4] On November 14, 2022, this court granted Defendant Kapha North Shore, LLC's motion to substitute Kala for itself as Defendant-Appellee.

On August 9, 2018, Appellants, who own parcels adjacent to or near the proposed trail through Kala's Property, filed a "Motion for Leave to Intervene as Defendants" on grounds that they met the standard to intervene as of right under HRCP Rule 24(a)(2).  Appellants argued they had significant property interests relating to the matter in dispute, based on their ownership of residential properties near the proposed easement or ownership of easements that intersect with the proposed easement.  Appellants claimed that their property interests differed from Kala's, and that the proposed easement would adversely affect them.  The County opposed the motion.

At the November 7, 2018 hearing on the motion, the Circuit Court denied intervention as of right because "the defenses that were being raised by both the [Appellants] and [Kala] almost appear[ed] to be the same"; and Appellants failed to meet their "burden to show that their interest is inadequately represented by the existing defendants in this case[.]"  Appellants appealed the Circuit Court's December 10, 2018 Order Denying Motion to Intervene.

"An order denying a motion to intervene pursuant to HRCP Rule 24(a)(2) is reviewed under the right/wrong standard." Hoopai v. Civ. Serv. Comm'n, 106 Hawaiʻi 205, 216, 103 P.3d 365, 376 (2004) (citation omitted).  This court must consider four factors in determining intervention as of right under HRCP Rule 24(a)(2) (**mandatory intervention factors**):

> (1) whether the application was timely; (2) whether the intervenor claimed an interest relating to the property or transaction which was the subject of the action; (3) whether the disposition of the action would, as a practical matter, impair or impede the intervenor's ability to protect that interest; and (4) whether the intervenor's interest was inadequately represented by the existing defendants.

In re Estate of Campbell, 106 Hawai'i 453, 460, 106 P.3d 1096, 1103 (2005) (citing Hoopai, 106 Hawai'i at 216, 103 P.3d at 376). We may look to federal law applying the parallel federal provision, Federal Rules of Civil Procedure (**FRCP**) Rule 24.[5] See Furuya v. Ass'n of Apartment Owners of Pac. Monarch, Inc., 137 Hawai'i 371, 382, 375 P.3d 150, 161 (2016) (looking to interpretations of the equivalent FRCP rule as "highly persuasive" (cleaned up)).

**Factor 1:** The parties do not dispute the first factor (timely intervention application) for mandatory intervention was met. See HRCP Rule 24(a)(2); Campbell, 106 Hawai'i at 460, 106 P.3d at 1103.

**Factor 2:** Regarding the second factor for mandatory intervention under HRCP Rule 24(a)(2), that Appellants claim interests related to the subject of this action, Appellants point to their ownership of properties near the easement at issue. The County argues that Appellants' speculative claims of harm from the public's use of the beach and access trail "are not relevant to the question of whether, as a matter of law, the easement exists." The County's relevance argument does not apply the proper standard and is unpersuasive.

---

[5]   FRCP Rule 24(a) is substantially similar to HRCP Rule 24(a). It states:

> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
>
> > **(1)** is given an unconditional right to intervene by a federal statute; or
> >
> > **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

An applicant for intervention as of right must have an interest "relating to the property . . . which is the subject of the action . . . ." HRCP Rule 24(a)(2). The interest must be one that is "significantly protectable." Su Duk Kim v. H.V. Corp., 5 Haw. App. 298, 302, 688 P.2d 1158, 1161 (1984) (citation omitted). Whether an interest is "significantly protectable" is fact-specific. See Wineries of the Old Mission Peninsula Ass'n v. Twp. of Peninsula, Mich., 41 F.4th 767, 772-73 (6th Cir. 2022) (allowing organization of homeowners to intervene to enforce ordinance regulating wineries because the wineries' proximity could diminish the homeowners' property values, increase traffic, and diminish their quiet enjoyment of their homes). "Interests in property are the most elementary type of right that Rule 24(a) is designed to protect." Id. at 772 (quoting Planned Parenthood of Minn., Inc. v. Citizens for Cmty. Action, 558 F.2d 861, 869 (8th Cir. 1977)). "[I]ndirect impacts on property interests" may suffice to establish mandatory intervention. Id.; see Planned Parenthood, 558 F.2d at 869 (allowing property owners near abortion clinic to intervene to uphold an ordinance regulating such clinics in order to preserve the property owners' property values).

Here, Appellants similarly argue that they own properties near the proposed easement and are concerned with diminished property values, the character of the neighborhood, the integrity of local natural resources, and dangerous roadway and trail conditions. See Wineries, 41 F.4th at 772-73. Appellants have established "significantly protectable" interests relating to the property that is the subject of this action under HRCP Rule 24(a)(2). See Su Duk Kim, 5 Haw. App. at 302, 688 P.2d at 1161. We conclude the second factor for

mandatory intervention was met.  See HRCP Rule 24(a)(2); Campbell, 106 Hawai'i at 460, 106 P.3d at 1103.

**Factor 3:**  Regarding the third factor for mandatory intervention under HRCP Rule 24(a)(2), that the disposition of the action would impair or impede Appellants' ability to protect their interests, Appellants argue that if the proposed easement is granted, it could immediately impact property values, increase traffic, create unsafe conditions, and create potential liabilities.

"To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied."  Wineries, 41 F.4th at 774 (emphases added) (citation omitted).  This burden is "minimal[,]" and "is satisfied whenever disposition of the present action would put the movant at a practical disadvantage in protecting its interest."  Id. (emphasis added) (cleaned up); see WildEarth Guardians v. Nat'l Park Serv., 604 F.3d 1192, 1199 (10th Cir. 2010) ("The mere availability of alternative forums is not sufficient to justify denial of a motion to intervene because at most, participating in a new proceeding would not provide the level of protection to the intervenors' interests that the current plan offers." (cleaned up)).

Here, if the County is allowed to enforce an easement on the Property, Appellants may be able to provide input regarding the easement and challenge how the easement is used or developed, but they will lose the opportunity to challenge the validity of the easement.  Appellants have met their "minimal" burden showing that their interests may be impaired, impeded, or disadvantaged without the ability to intervene and protect their interests in this action.  See HRCP Rule 24(a)(2); Wineries, 41

6

F.4th at 774. We conclude the third factor for mandatory intervention was met. See HRCP Rule 24(a)(2); Campbell, 106 Hawaiʻi at 460, 106 P.3d at 1103.

**Factor 4:** Regarding the fourth factor for mandatory intervention under HRCP Rule 24(a)(2), that Appellants' interests were inadequately represented by Kala, Appellants argue that Kala's interest in its conservation land Property is distinct from Appellants' property interests as residential owners. Appellants argue that they have a "greater interest" to preserve the rural and agricultural character of the neighborhood, and that the proposed easement will have a "greater impact" on Appellants' "use and enjoyment of their land" as residential owners. The County responds that Kala and Appellants have the same objective - to defeat the easement, and Appellants had not shown inadequacy of Kala's representation due to "adverse" interest or "nonfeasance in the duty of representation."

> The most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties. When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises. . . .
>
> . . . Where parties share the same ultimate objective, differences in litigation strategy do not normally justify intervention.

Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003) (citations omitted). Even when parties share the "same ultimate objective," however, the "presumption of adequacy of representation" can be overcome by "showing, inter alia, that the party has interests adverse to the intervenor." Id.; Wineries, 41 F.4th at 774 (cleaned up). "[T]he requirement of inadequacy of representation is satisfied if the applicant shows that representation of its interests may be inadequate" and "the

7

burden of making this showing is minimal." Hoopai, 106 Hawaiʻi at 217, 103 P.3d at 377 (cleaned up).

In Planned Parenthood, where homeowners sought mandatory intervention to uphold an ordinance regulating abortion clinics, the reviewing court concluded that the homeowners' "respective interests, while not adverse, [were] disparate" from defendants. 558 F.3d at 869-70. The Planned Parenthood court explained that the homeowners were "concerned only with their own property values[,]" and the defendants were "accused of invidiously discriminating" against abortion clinics, and thus, the defendants were not adequate representatives of the homeowners' interests. Id.; see also Wineries, 41 F.4th at 777 (concluding inadequacy of representation where defendant faced possibility of damages and intervenors did not, and where intervenors owned homes near the wineries at issue while defendant did not).

Here, Kala's Property is mostly conservation land. Kala's interests are different from Appellants, who claim to own residential properties or easements near the proposed easement. While both Appellants and Kala have the same objective to defeat the validity of the easement, their interests are "disparate" from each other. See Planned Parenthood, 558 F.2d at 870. Appellants have met their "minimal" burden showing that Kala's representation of their interests "may be inadequate," and the fourth factor for mandatory intervention was met. See HRCP Rule 24(a)(2); Campbell, 106 Hawaiʻi at 460, 106 P.3d at 1103; Hoopai, 106 Hawaiʻi at 217, 103 P.3d at 377.

Because Appellants met the four factors for intervention as of right under HRCP Rule 24(a)(2), the Circuit Court erred in denying Appellants' motion to intervene. See Hoopai, 106 Hawaiʻi at 216, 103 P.3d at 376.

For the foregoing reasons, the December 10, 2018 "Order Denying Motion for Leave to Intervene as Defendants," filed by the Circuit Court of the Fifth Circuit is vacated, and we remand for further proceedings consistent with this order.

DATED:  Honolulu, Hawaiʻi, April 15, 2024.

On the briefs:

Erika L. Amatore,
for Real Party in Interest-
Appellants.

Charles A. Foster,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge